**THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| BLUE LAKE FOREST PRODUCTS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 01-570C (Judge Williams) |
| TIMBER PRODUCTS COMPANY, Plaintiff, v. THE UNITED STATES, Defendant | No. 01-627C (Judge Williams) |
| CLR TIMBER HOLDINGS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 04-501C (Judge Williams) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO FILE STATUS REPORT AND DEFENDANT'S STATUS REPORT, AND PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs do not object to defendant's filing of the status report which accompanies its motion filed May 21, 2007; however, plaintiffs do oppose the relief requested by defendants and plaintiffs move this Court for an order imposing sanctions on defendant based upon defendant's

repeated untimely and inadequate responses to plaintiffs' document requests and the Court's orders in this case.

In defendant's status report filed with its motion on May 21, 2007, defendant's counsel states:

> In the course of reviewing thousands of documents, the Government has been unable to locate a relatively small number of documents, included on its privilege logs. We estimate that number to be between approximately 40 and 100 documents. Because the Government has not located such documents, it cannot produce the missing documents that might be responsive to the Court's order.

Defendant's May 21, 2007 Motion at 2. For more than two years, defendant has withheld documents under claims of privilege. Presumably all of these documents were long ago reviewed by one or more attorneys and preserved for safekeeping. Presumably all of these documents were also not only identified in the multifarious privilege logs produced by defendant in this case but also marked with internal government control numbers. Under these circumstances, defendant's recent admission that it cannot now locate "between approximately 40 and 100 documents" constitutes an admission of unacceptable disorganization, gross negligence and implied bad faith.[1] Plaintiffs respectfully submit that the Court should not countenance this kind of conduct by defendant any longer. Accordingly, plaintiffs respectfully move this Court for an order establishing a presumption that, prior to the award of plaintiffs' Happy Thin, Jack Heli and Too Wild timber sales, the Forest Service failed to disclose its critical superior knowledge to plaintiffs that these timber sales were being directly challenged by the ONRC Action plaintiffs. Thus, the burden of proof in this case with regard to plaintiffs'

[1]While plaintiffs do not charge that counsel of record for defendant has personally acted out of malice or intent to injure plaintiffs, we do submit that bad faith can be reasonably inferred from the government's repeated institutional mismanagement of this matter.

allegation that the Forest Service breached their contracts by withholding superior knowledge will be on defendant rather than plaintiffs.

Inasmuch as defendant's careless or negligent actions have led to the loss or destruction of "between approximately 40 and 100 documents" which are relevant to this action, it is self-evident that monetary sanctions will not provide adequate relief. In this situation the appropriate relief is an order establishing an evidentiary presumption against defendant arising out of the loss or destruction of the documents in question. See Eaton Corp. v. Appliance Values Corp., 790 F.2d 874, 878 (Fed. Cir. 1986); Columbia First Bank v. United States, 58 Fed. Cl. 54, 56 (2003); Slattery v. United States, 46 Fed. Cl. 402, 405 (2000).

In addition, plaintiffs oppose defendant's request for a period of eight days through and including May 29, 2007 in which defendant states that it will "continue our search" and "provide any of the missing documents."

The parties are under a strict order from this Court to complete discovery by September 21, 2007, and there is no time within this schedule to provide defendant with additional time and repeated opportunities to comply with long-outstanding discovery requests and the explicit orders of this Court.

Respectfully submitted,

s/Gary G. Stevens

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiffs

OF COUNSEL:

Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 2006
(202) 452-2140

Dated: May 22, 2007