# In the United States Court of Federal Claims

**Nos. 01-570C, 01-627C, 04-501C**
**(Filed May 24, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**BLUE LAKE FOREST PRODUCTS, INC., Plaintiff,**

**v.**

**THE UNITED STATES, Defendant.**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**TIMBER PRODUCTS COMPANY, Plaintiff,**

**v.**

**THE UNITED STATES, Defendant.**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**CLR TIMBER HOLDINGS, INC. Plaintiff,**

**v.**

**THE UNITED STATES, Defendant.**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On March 29, 2007, the Court issued two opinions in this action; a Memorandum Opinion and Order based upon In Camera Review, and an Order and Opinion Granting Plaintiffs' Motion to Compel in Part. In the Order and Opinion Granting Plaintiffs' Motion to Compel in Part, the Court held:

> There has been an at-issue wavier of the attorney-client privilege and work product immunity with respect to 1) documents relating to Defendant's interpretation of the Northwest Plan (NEPA equals implementation) and 2) Defendant's decision to award the timber sales despite developments in ONRC Action.

> Defendant has waived the attorney-client privilege for the Brouha Memorandum, Deposition Exhibits 31, 35A, 35B, 41A and 41D and all documents on the same subject matter. The Court defines that subject matter to be: 1) the Government's interpretation and implementation of survey and manage requirements under the Northwest Forest Plan, and 2) the Government's actions in response to the ONRC Action lawsuit regarding timber sales.

The Court further ordered:

> Defendant shall produce all documents for which a privilege has been waived forthwith. Defendant shall make any witnesses possessing information relating to these documents available at its expense for deposition. Defendant shall pay any court reporter and witness fees associated with such depositions.

Blue Lake Forest Prods. v. United States, 75 Fed. Cl. 779, 2007 U.S. Claims LEXIS 96 at *62 (2007) (emphasis added).

As of the April 5, 2007 status conference, Defendant had not delivered the majority of the documents ordered disclosed to Plaintiffs by the Court's March 29, 2007 order. In an exchange with Government counsel the Court stated:

> This case has been stopped in its tracks because of no fault of the Plaintiffs. [T]his Court has had to have constant intervention in this case in discovery and oversight and orders.
>
> The Court ordered you to produce these forthwith . . . .Forthwith means already. . . .Now what I'm going to do is I'm going to give you 30 days to get the DE and CW documents to the Plaintiffs and 45 days to get everything else.

Tr. (Apr. 5, 2007) at 19.

Under the Court's April 6, 2007 order, the Court established a schedule for production, ordering Defendant to deliver the "DE" and "CW" documents to Plaintiffs by May 5, 2007, and to deliver by May 21, 2007, the remainder of the documents ordered to be disclosed in the opinions dated March 29, 2007.

During a May 4, 2007 status conference, Defendant requested an extension of time from May 5, 2007 to May 9, 2007 to deliver the "DE" and "CW" documents to Plaintiffs. The Court granted Defendant's request and issued an amended scheduling order stating that "no further extensions" would be granted.

On May 21, 2007, despite the Court's May 4, 2007, order stating that no further extensions would be granted, Defendant filed with this Court a status report and motion for extension of time from May 21, 2007, to May 29, 2007, to deliver the remaining documents to Plaintiffs.

In its motion for extension of time, Defendant states:

> In the course of reviewing thousands of documents, the Government has been unable to locate a relatively small number of documents, included on its privilege logs. We estimate that number to be between approximately 40 and 100 documents. Because the Government has not located such documents, it cannot produce the missing documents that might be responsive to the Court's order. The Government intends to continue to search is [sic] files for the missing documents and to provide [sic].

Def.'s Mot. To File Status Report at 2.

Plaintiffs request that the Court deny Defendant's motion for extension and move for sanctions. Specifically, Plaintiffs request that the Court issue an order

> establishing a presumption that, prior to the award of plaintiffs' Happy Thin, Jack Heli and Too Wild timber sales, the Forest Service failed to disclose its critical superior knowledge to plaintiffs that these timber sales were being directly challenged by the ONRC Action plaintiffs. Thus, the burden of proof in this case with regard to plaintiffs' allegation that the Forest Service breached their contracts by withholding superior knowledge will [shift to] defendant.
> . . .

Pls.' Resp to Def.'s Mot. For Extension at 2.

On May 23, 2007, the Court held a status conference. The following memorializes the Court's rulings made during the status conference:

1. Defendant violated the Court's order requiring production of documents on May 21, 2007, with no further extensions, by failing to produce the documents, claiming it could not locate 40 - 100 documents. As a result, the Court granted Plaintiffs' motion for sanctions ordering that, at a minimum, Defendant pay Plaintiffs' reasonable attorney's fees incurred: 1) responding to Defendant's May 21, 2007 filing, 2) filing Plaintiffs' May 22, 2007 Opposition and Plaintiffs' Motion for Sanctions, and 3) participating in the May 23, 2007 status conference.

2. Defendant's oral motion for modification of the Court's May 4, 2007 scheduling order was **GRANTED**. Defendant shall deliver the remainder of the documents by **May 29, 2007**.

3. Defendant shall deliver to Plaintiffs by **May 29, 2007**, the following three lists:

   (1) Documents Defendant did not deliver to Plaintiffs on grounds they were outside of the scope or categories of documents ordered to be produced in the Court's March 29, 2007 opinions;

   (2) Documents for which Defendant abandoned its claims of privilege;

   (3) Documents that have not been produced because they have been lost or destroyed.

   These lists shall designate the documents by privilege log and number.

4. Any briefing regarding Plaintiffs' request for further sanctions in the form of any evidentiary presumption is deferred.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**