**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BLUE LAKE FOREST PRODUCTS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-570C (Judge Williams) |
| TIMBER PRODUCTS COMPANY, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-627C (Judge Williams) |
| CLR TIMBER HOLDINGS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 04-501C (Judge Williams) |

**DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims and the Scheduling Order issued on July 25, 2007, defendant respectfully requests that this Court enter the accompanying proposed protective order prohibiting the disclosure of information in accordance with the terms and conditions set forth in the proposed protective order. Plaintiff consents to this motion.

The protective order relates to seven (7) documents defendant produced in redacted form,

and plaintiff seeks to review the unredacted version of each document. The redacted portions relate to personal matters, or privileged information for these cases or others for which defendant believes privilege has not been waived. Thus, we request the protective order for the redacted portions of the seven (7) documents.

For the foregoing reasons, defendant respectfully requests that this Court issue the attached proposed protective order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-7994
Fax: (202) 514-8624

July 26, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2007, a copy of the Defendant's Unopposed Motion For a Protective Order was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ellen M. Lynch

Ellen M. Lynch

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BLUE LAKE FOREST PRODUCTS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-570C (Judge Williams) |
| TIMBER PRODUCTS COMPANY, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-627C (Judge Williams) |
| CLR TIMBER HOLDINGS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 04-501C (Judge Williams) |

**PROTECTIVE ORDER**

In the course of discovery in these consolidated actions, plaintiffs seek to review unredacted versions of seven (7) documents provided in response to the Court's March 29, 2007 Order Granting Plaintiffs' Motion to Compel in Part ("March 29, 2007 Order"). Defendant redacted certain information as non-responsive to the March 29, 2007 Order, including personal matters and information related to this case, for which defendant believes privilege has not been waived.

For information sought by plaintiffs that is or may be considered by defendant privileged or otherwise non-responsive to the Court's Order, defendant is hereby authorized to release to plaintiffs' counsel in these cases unredacted versions of the seven (7) documents.

This protective order ("Protective Order") will govern plaintiffs' access to information covered by the terms of this Protective Order.

It is therefore ORDERED:

1. For the purpose of this Protective Order, the term "Protected Information" shall include the portions of the unredacted versions of the 7 documents described above that defendant believes are non-responsive to the Court's March 29, 2007 Order, including, but not limited to, information regarding personal matters or information related to this case or other cases for which defendant believes privilege has not been waived.

2. Defendant, at the time of producing documents, shall designate each document that it reasonably believes to contain Protected Information as described in paragraph 1 of this Protective Order. Defendant, after production, may designate such documents if it determines that Protected Information was inadvertently produced without being properly designated. Such documents (or portions thereof) shall be used only in preparing for and conducting this litigation.

3. Notwithstanding this Order, plaintiffs reserve the right to challenge on any grounds defendant's designation of documents (or portions thereof) as Protected Information. Should plaintiffs object to defendant's designation of any information as Protected Information, counsel for plaintiffs shall notify counsel for defendant of the objection. If the disagreement is not resolved after counsel for the parties confer in good faith, plaintiffs may move the Court for an order that the designated documents (or portions thereof) shall not be protected by this Protective

Order. If plaintiffs file such a motion, the Government, as the party requesting protection, shall bear the burden of establishing that information designated as Protected Information is eligible for protection to the extent required by the rules of the Court of Federal Claims, provided, however, that any challenged documents (or portions thereof) shall be treated as Protected Information and subject to the terms of this Protective Order pending resolution by further order of the Court.

4. By producing Protected Information pursuant to this Protective Order, defendant is not waiving and reserves the right to assert any appropriate privileges and protections with respect to the Protected Information. By receiving Protected Information pursuant to this Order, plaintiffs are not agreeing that any document designated as Protected Information is entitled to any protection from disclosure. Nothing in this Order shall require the production or disclosure of any documents, information, or other matters (including but not limited to Protected Information) as to which the defendant, under applicable law or rules of the Court of Federal Claims, may assert a privilege.

5. Persons receiving or obtaining access to the Protected Information may use such material solely for the purpose of preparing for and conducting this litigation, or any subsequent appeals in these cases, and not for other purposes. Protected Information shall not be given, shown, made available, discussed, or otherwise communicated in any form to persons to whom disclosure is not authorized herein.

6. Access to or disclosure of Protected Information shall be limited to: (a) the Court of Federal Claims and the Court of Appeals for the Federal Circuit, if these cases are appealed, as well as personnel employed by these courts; (b) counsel for plaintiffs, plaintiffs (pursuant to

paragraph 7), and employees of counsel; (c) independent experts and consultants (pursuant to paragraph 7), including their clerical personnel, who have been retained by plaintiffs to provide testimony or consultation in connection with this litigation. All individuals having access to Protected Information shall be instructed that their use of the Protected Information is governed by the terms of this Protective Order.

7. If counsel for plaintiffs desires to disclose Protected Information to plaintiffs, independent experts, or consultants under paragraph 6 of this Protective Order, counsel shall first obtain a signed statement from such person stating that he or she shall comply with all provisions of this Protective Order. See Exhibit A.

8. Should plaintiffs wish to disclose Protected Information that is subject to this Protective Order to any additional persons other than those indicated in paragraph 6 of this Protective Order, plaintiffs' counsel will first inform defendant. If defendant consents to disclosure of Protected Information to such additional person(s), counsel for plaintiffs shall first obtain a signed statement from such person stating that he or she shall comply with all provisions of this Protective Order. See Exhibit A. If defendant does not consent to the disclosure, then plaintiffs may, on motion, seek modification of this Protective Order from the Court. The Government shall bear the burden of proving that information designated as Protected Information is eligible for protection to the extent required by the rules of the Court of Federal Claims, provided, however, that any challenged documents (or portions thereof) shall be treated as Protected Information and subject to the terms of this Protective Order pending resolution by further order of this Court.

9. Nothing in this Protective Order shall bar or otherwise restrict plaintiffs' counsel from

rendering advice with respect to this litigation to their clients who are plaintiffs in this litigation and, in the course thereof generally relying upon counsel's examination of the information designated as Protected Information.

10. After termination of these actions or any subsequent appeals, this Protective Order shall continue to be binding upon the parties hereto and upon all persons to whom Protected Information has been disclosed.

11. In the event of a breach, the party alleging breach shall be entitled to apply to this Court for appropriate relief.

12. This Protective Order does not constitute a ruling upon the question of whether any particular record is properly discoverable and does not constitute a ruling upon any potential objection to the discoverability or admissability of any record.

IT IS SO ORDERED.

______________________________

**MARY ELLEN COSTER WILLIAMS**
**Judge**

EXHIBIT A

UNDERTAKING RE: PROTECTIVE ORDER IN BLUE LAKE FOREST PRODUCTS, INC., V. UNITED STATES, FED. CL. 01-570C; TIMBER PRODUCTS COMPANY V. UNITED STATES, FED. CL. 01-627C; AND CLR TIMBER HOLDINGS, INC. V. UNITED STATES, FED. CL. 04-501C.

OF _________________________

I, __________________________, declare:

1. My address is ________________________________________________________ ________________. My present occupation is _______________________________________ _______________________.

2. I have received a copy of the Protective Order in this litigation. I have examined and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for the purposes of this litigation, any Protected Information (as defined in the Protective Order) which I receive in this action.

Executed this ___ day of ______, ____, at _______________________________.

I declare under penalty of perjury that the foregoing is true and correct.

___________________________________