# In the United States Court of Federal Claims

**Nos. 01-570C, 01-627C, 04-501C**

**(Filed July 27, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**BLUE LAKE FOREST PRODUCTS, INC.,** *
**Plaintiff,** *
**v.** *
*
**THE UNITED STATES,** *
**Defendant.** *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**TIMBER PRODUCTS COMPANY,** *
**Plaintiff,** *
**v.** *
*
**THE UNITED STATES,** *
**Defendant.** *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**CLR TIMBER HOLDINGS, INC.,** *
**Plaintiff,** *
**v.** *
*
**THE UNITED STATES,** *
**Defendant.** *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

## PROTECTIVE ORDER

---

In the course of discovery in these consolidated actions, plaintiffs seek to review unredacted versions of seven (7) documents provided in response to the Court's March 29, 2007 Order Granting Plaintiffs' Motion to Compel in Part ("March 29, 2007 Order"). Defendant redacted certain information as nonresponsive to the March 29, 2007 Order, including personal matters and information related to this case, for which defendant believes privilege has not been waived.

For information sought by plaintiffs that is or may be considered by defendant privileged or otherwise nonresponsive to the Court's Order, defendant is hereby authorized to release to plaintiffs' counsel in these cases unredacted versions of the seven (7) documents, subject to the terms of this Protective Order.

This Protective Order will govern plaintiffs' access to information covered by the terms of this Protective Order.

It is therefore ORDERED:

1. For the purpose of this Protective Order, the term "Protected Information" shall include the portions of the unredacted versions of the 7 documents described above that defendant believes are nonresponsive to the Court's March 29, 2007 Order, including, but not limited to, information regarding personal matters or information related to this case or other cases for which defendant believes privilege has not been waived.

2. Defendant, at the time of producing documents, shall designate each document that it reasonably believes to contain Protected Information as described in paragraph 1 of this Protective Order. Defendant, after production, may designate such documents if it determines that Protected Information was inadvertently produced without being properly designated. Such documents (or portions thereof) shall be used only in preparing for and conducting this litigation.

3. Notwithstanding this Order, plaintiffs reserve the right to challenge on any grounds defendant's designation of documents (or portions thereof) as Protected Information. Should plaintiffs object to defendant's designation of any information as Protected Information, counsel for plaintiffs shall notify counsel for defendant of the objection. If the disagreement is not resolved after counsel for the parties confer in good faith, plaintiffs may move the Court for an order that the designated documents (or portions thereof) shall not be protected by this Protective Order. If plaintiffs file such a motion, the Government, as the party requesting protection, shall bear the burden of establishing that information designated as Protected Information is eligible for protection to the extent required by the rules of the Court of Federal Claims, provided, however, that any challenged documents (or portions thereof) shall be treated as Protected Information and subject to the terms of this Protective Order pending resolution by further order of the Court.

4. By producing Protected Information pursuant to this Protective Order, defendant is not waiving and reserves the right to assert any appropriate privileges and protections with respect to the Protected Information. By receiving Protected Information pursuant to this Order, plaintiffs are not agreeing that any document designated as Protected Information is entitled to any protection from disclosure. Nothing in this Order shall require the production or disclosure of any documents, information, or other matters (including but not limited to Protected Information) as to which the defendant, under applicable law or rules of the Court of Federal Claims, may assert a privilege.

5. Persons receiving or obtaining access to the Protected Information may use such material solely for the purpose of preparing for and conducting this litigation, or any subsequent appeals in these cases, and not for other purposes. Protected Information shall not be given, shown, made available, discussed, or otherwise communicated in any form to persons to whom disclosure is not authorized herein.

6. Access to or disclosure of Protected Information shall be limited to: (a) the Court of Federal Claims and the Court of Appeals for the Federal Circuit, if these cases are appealed, as well as personnel employed by these courts; (b) counsel for plaintiffs and employees of counsel; (c) independent experts and consultants (pursuant to paragraph 7), including their clerical personnel, who have been retained by plaintiffs to provide testimony or consultation in connection with this litigation. All individuals having access to Protected Information shall be instructed that their use of the Protected Information is governed by the terms of this Protective Order.

7. If counsel for plaintiffs desires to disclose Protected Information to independent experts or consultants under paragraph 6 of this Protective Order, counsel shall first obtain a signed statement from such person stating that he or she shall comply with all provisions of this Protective Order. See Exhibit A.

8. Should plaintiffs wish to disclose Protected Information that is subject to this Protective Order to any additional persons other than those indicated in paragraph 6 of this Protective Order, plaintiffs' counsel will first inform defendant. If defendant consents to disclosure of Protected Information to such additional person(s), counsel for plaintiffs shall first obtain a signed statement from such person stating that he or she shall comply with all provisions of this Protective Order. See Exhibit A. If defendant does not consent to the disclosure, then plaintiffs may, on motion, seek modification of this Protective Order from the Court. The Government shall bear the burden of proving that information designated as Protected Information is eligible for protection to the extent required by the rules of the Court of Federal Claims, provided, however, that any challenged documents (or portions thereof) shall be treated as Protected Information and subject to the terms of this Protective Order pending resolution by further order of this Court.

9. Nothing in this Protective Order shall bar or otherwise restrict plaintiffs' counsel from rendering advice with respect to this litigation to their clients who are plaintiffs in this litigation and, in the course thereof generally relying upon counsel's examination of the information designated as Protected Information.

10. After termination of these actions or any subsequent appeals, this Protective Order shall continue to be binding upon the parties hereto and upon all persons to whom Protected Information has been disclosed.

11. In the event of a breach, the party alleging breach shall be entitled to apply to this Court for appropriate relief.

12. This Protective Order does not constitute a ruling upon the question of whether any particular record is properly discoverable and does not constitute a ruling upon any potential objection to the discoverability or admissibility of any record.

**IT IS SO ORDERED.**

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

EXHIBIT A

UNDERTAKING RE: PROTECTIVE ORDER IN BLUE LAKE FOREST PRODUCTS, INC., V. UNITED STATES, FED. CL. 01-570C; TIMBER PRODUCTS COMPANY V. UNITED STATES, FED. CL. 01-627C; AND CLR TIMBER HOLDINGS, INC. V. UNITED STATES, FED. CL. 04-501C.

OF _________________________

I, __________________________, declare:

1. My address is ________________________________________________________ ________________. My present occupation is ________________________________________ _______________________.

2. I have received a copy of the Protective Order in this litigation. I have examined and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for the purposes of this litigation, any Protected Information (as defined in the Protective Order) which I receive in this action.

Executed this ___ day of ______, ____, at ______________________________.

I declare under penalty of perjury that the foregoing is true and correct.

___________________________________