**Timber Products** Company

THE TREMENDOUS RESOURCE

P. O. Box 766
Yreka, CA 96097
Phone (530) 842-2310
Fax (530) 842-3825

**THE INFORMATION SET FORTH HEREIN AND ATTACHED HERETO CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS WHICH ARE PROPRIETARY TO THE SUBMITTER. NEITHER THIS SHEET NOR ANY INFORMATION SET FORTH HEREIN IS TO BE DISCLOSED IN ANY MANNER OR TO ANY EXTENT TO ANY PERSON OUTSIDE OF THE UNITED STATES GOVERNMENT WITHOUT THE EXPRESS, WRITTEN CONSENT OF THE SUBMITTER. ANY DISCLOSURE WITHOUT SUCH CONSENT CONSTITUTES A VIOLATION OF 18 U.S.C. § 1905 OF THE UNITED STATES CRIMINAL CODE.**

June 13, 2007

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**No. 7005-1820-0004-0063-1993**

Contracting Officer
Klamath National Forest
1312 Fairlane Road
Yreka, CA 96097

Re: Supplemental Contract Disputes Act Claim of Breach Arising Out of the Jack Heli Timber Sale (Contract No. 060715)

Dear Sir:

As the Forest Service's records will reflect, in the spring and summer of 2003 Timber Products Company ("Timber Products") notified the Forest Service that it was experiencing additional damages resulting directly from the Forest Service's wrongful suspension of the Jack Heli timber sale, and requested, in the interest of both Timber Products and the Forest Service, that the Jack Heli sale either be modified or cancelled in order to mitigate those damages. Unfortunately, the Forest Service refused to modify or cancel the Jack Heli sale unless Timber Products would agree to give up its claims of increased costs and lost profits which were the subject of its July 14, 2000 Contract Disputes Act ("CDA") claim letter. Believing that its July

THE INFORMATION SET FORTH HEREIN AND ATTACHED HERETO CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS WHICH ARE PROPRIETARY TO THE SUBMITTER. NEITHER THIS SHEET NOR ANY INFORMATION SET FORTH HEREIN IS TO BE DISCLOSED IN ANY MANNER OR TO ANY EXTENT TO ANY PERSON OUTSIDE OF THE UNITED STATES GOVERNMENT WITHOUT THE EXPRESS, WRITTEN CONSENT OF THE SUBMITTER. ANY DISCLOSURE WITHOUT SUCH CONSENT CONSTITUTES A VIOLATION OF 18 U.S.C. § 1905 OF THE UNITED STATES CRIMINAL CODE.

14, 2000 claims were meritorious and that it should not be forced to give up those claims in order to avoid incurring additional damages for which the Forest Service would be responsible, Timber Products declined the Contracting Officer's conditional offer to cancel the Jack Heli sale. By letter dated August 24, 2005, Timber Products, as it had previously warned the Forest Service it would have to do, submitted a supplemental claim for additional damages ($242,087.05) arising out of the Forest Service's suspension of the Jack Heli sale. This supplemental CDA claim letter now seeks damages resulting from the Forest Service's suspension of the Jack Heli sale beyond those damages previously addressed by Timber Products' CDA claims letters.

Pursuant to the CDA, I submit the following supplemental claim on behalf of Timber Products Company in the amount of $1,199,083.77 plus CDA interest. This claim is supplemental to Timber Products' previous claims under the Jack Heli contract. This claim includes the increased costs of operations which we experienced on the above-referenced sale between October 2005 and February 2006 of $239,875.80, which costs were in excess of the costs which we would reasonably have experienced during 1999 when we originally anticipated logging the sale but were prevented from doing so by the Forest Service's suspension of our harvesting. This claim also includes $300,531.17 in costs which we incurred during the period March 1, 2006-December 31, 2006, which costs were in excess of the costs we reasonably would

THE INFORMATION SET FORTH HEREIN AND ATTACHED HERETO CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS WHICH ARE PROPRIETARY TO THE SUBMITTER. NEITHER THIS SHEET NOR ANY INFORMATION SET FORTH HEREIN IS TO BE DISCLOSED IN ANY MANNER OR TO ANY EXTENT TO ANY PERSON OUTSIDE OF THE UNITED STATES GOVERNMENT WITHOUT THE EXPRESS, WRITTEN CONSENT OF THE SUBMITTER. ANY DISCLOSURE WITHOUT SUCH CONSENT CONSTITUTES A VIOLATION OF 18 U.S.C. § 1905 OF THE UNITED STATES CRIMINAL CODE.

experienced in 2000 had harvesting on the Jack Heli sale not been suspended. This claim also includes additional bonding costs during the suspension ($5,600.97) which were incurred after the costs reflected in our July 14, 2000 CDA claim letter. Finally, this claim includes additional lost profits on plywood and log sales incurred after our July 14, 2000 claim letter in the amount of $653,075.83. Please see the attached summaries documenting these claims on an item-by-item basis. Additional business documents backing up these claims are also available.

Timber Products' CDA claims for lost profits and its increased costs of operation are justified on two independent bases. First, Timber Products' increased costs are out-of-pocket costs which were a direct result of the Forest Service suspensions which forced us to operate in time periods of higher costs and are therefore compensation to Timber Products required under contract clause C6.01.

Secondly, as previously stated in Timber Products' CDA claim letters dated July 14, 2000, September 10, 2003 and August 24, 2005, the Forest Service's wrongful suspension of the Jack Heli timber sale commencing on August 27, 1999 constitutes breaches of the Forest Service's duties to cooperate and not to hinder Timber Products' performance, including a failure to disclose superior knowledge concerning the vulnerability of the Jack sale to environmental

**THE INFORMATION SET FORTH HEREIN AND ATTACHED HERETO CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS WHICH ARE PROPRIETARY TO THE SUBMITTER. NEITHER THIS SHEET NOR ANY INFORMATION SET FORTH HEREIN IS TO BE DISCLOSED IN ANY MANNER OR TO ANY EXTENT TO ANY PERSON OUTSIDE OF THE UNITED STATES GOVERNMENT WITHOUT THE EXPRESS, WRITTEN CONSENT OF THE SUBMITTER. ANY DISCLOSURE WITHOUT SUCH CONSENT CONSTITUTES A VIOLATION OF 18 U.S.C. § 1905 OF THE UNITED STATES CRIMINAL CODE.**

challenges, and a breach of the Forest Service's express warranty under clause C6.25. This includes the suspension of our performance in order to accommodate the Forest Service's consultation with NOAA Fisheries as a result of the decision issued by Judge Rothstein on December 7, 2000. (Please note that I am incorporating the statement of facts contained in our previous claim letters as part of this claim.) All of Timber Products' lost profits and out-of-pocket costs are also recoverable as a consequence of these Forest Service breaches of contract.

If you require any additional documentation or information, please contact Timber Products' attorney in this matter, Gary G. Stevens of Saltman & Stevens, P.C., 1801 K Street, N.W., Suite M-110, Washington, D.C. 20006.

Timber Products believes that this CDA claim is subsumed in its prior CDA claims under the Jack Heli contract because it arises from the same underlying facts and circumstances as the original claim. However, as a precaution and in order to eliminate any possible future disputes over CDA interest or jurisdiction, we are submitting this as a supplemental claim. If you believe this is a separate claim not encompassed within the scope of our previous claims, and if you disagree with our entitlement to all or any portion of the amount claimed, we ask that you issue a final decision within sixty (60) days of your receipt of this letter.

**THE INFORMATION SET FORTH HEREIN AND ATTACHED HERETO CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS WHICH ARE PROPRIETARY TO THE SUBMITTER. NEITHER THIS SHEET NOR ANY INFORMATION SET FORTH HEREIN IS TO BE DISCLOSED IN ANY MANNER OR TO ANY EXTENT TO ANY PERSON OUTSIDE OF THE UNITED STATES GOVERNMENT WITHOUT THE EXPRESS, WRITTEN CONSENT OF THE SUBMITTER. ANY DISCLOSURE WITHOUT SUCH CONSENT CONSTITUTES A VIOLATION OF 18 U.S.C. § 1905 OF THE UNITED STATES CRIMINAL CODE.**

I certify that this claim is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief and that the amounts requested accurately reflect the contract adjustment for which Timber Products believes the government is liable, and that I am duly authorized to certify this claim on behalf of Timber Products.

Sincerely yours,

Bill Turner
Timber Procurement Manager

Enclosure

cc: Gary G. Stevens, Saltman & Stevens, P.C.

**SUMMARY OF ADDITIONAL DAMAGES INCURRED BY TIMBER PRODUCTS ON THE JACK HELI SALE***

| | | |
|---|---|---|
| 1. | $ 595,772.53 | Lost profit on plywood sales |
| 2. | $ 57,303.30 | Lost profit on sale of logs |
| 3. | $ 300,531.17 | Additional out-of-pocket costs incurred |
| 4. | $ 239,875.80 | Additional out-of-pocket costs incurred |
| 5. | $ 5,600.97 | Additional bonding costs during suspension |
| | $1,199,083.77 | TOTAL ADDITIONAL DAMAGES INCURRED |

*These damages are in addition to the damages included in Timber Products' claim letters dated July 14, 2000, September 10, 2003 and August 24, 2005.

# Timber Products
COMPANY

Yreka Veneer Division
and Timberlands
P.O. Box 766
Yreka, California 96097

Ph: (530) 842-2310
Fax: (530) 842-3825

December 7, 1999

Ed Matthews
Klamath National Forest
1312 Fairlane Road
Yreka, CA 96097

Re: Jack Heli Timber Sale #060715

Dear Ed:

I would like to request a Contract Term Adjustment on the Jack timber sale due to the Court delays and the resultant scheduling conflicts with the helicopter after there was granted.

Our operations were suspended on August 27, 1999. Though there was a partial lifting of this suspension on September 27, 1999, it was impossible to begin operations at that time because we had already lost the helicopter to another area because of the delays. Therefore my request for a CTA is for 49 days, August 27 to October 15 (the end of the normal operating period). This would put the ~~new~~ termination date for the sale to July 3, 2001. 35 working days July 3, 49 calendar days

Since the sale is still encumbered, I anticipate the need to further request more extensions in the future. If you have any questions, or need more information, please let me know.

Sincerely,

Bill Turner

Bill Turner
Timber Procurement Manager

NOP 5/15 to 10/15 ≠ 49 calendar days or 35 working days

5/15 July 3, 2001

...es Department of Agriculture
...ervice

FS-2400-10 (5/68)
Page 1 of 2
Contract No.
060715
Jack Heli Timber Sale

## AGREEMENT TO EXTEND AND MODIFY TIMBER SALE CONTRACT

1. It is mutually agreed, that the contract period of the above designated timber sale contract, signed by Bill Turner, Timber procurement manager, Timber Products Company of Yreka, California, hereinafter called the purchaser and by Edward L. Matthews for Barbara Holder (Name); Contracting Officer (Title) for the United States of America as of the 15th day of March, 1999, be extended to July 3, 2001

B 8.21 (c) ... CTA

and it is further agreed to modify the contract as follows:

No further changes are made.

2. Pursuant to this mutual agreement, the purchaser agrees to cut and remove timber in strict accordance with all and singular the terms and provisions of the aforesaid contract as herein modified.

3. IN WITNESS WHEREOF, the parties hereto have executed this agreement to extend and modify contract as of the 3rd day of January, 2000 1/

UNITED STATES OF AMERICA
By: [signature] Title: Contracting Officer

Two witnesses: 2/
[signature]
(Name of Witness)
P.O. Box 766 Yreka CA 96097
(Address)
[signature]
(Name of Witness)
PO Box 766 Yreka CA 96097
(Address)

[signature: Bill Turner]
(Purchaser) 3/
TIMBER PRODUCTS COMPANY

P. O. Box 766

Yreka, CA 96097
(Purchaser's Business Address)

I, 4/ ______________, certify that I am the ______________ Secretary of the corporation named as purchaser herein; that ______________ who signed this agreement to extend and modify contract on behalf of the purchaser, was then ______________ of said corporation; that said agreement to extend and modify contract was duly signed for and in behalf of said corporation by authority of the governing body, and is within the scope of its corporate powers.

______________ Corporate Seal 5/

1/ The date Forest Officer signs this form.
2/ The signatures and addresses of two witnesses are required if Purchaser is other than a corporation.
3/ If contracting party is a co-partnership, the signatures should be: XYZ Company, by John Doe, a member of the firm. If contracting party is a corporation, form of signature should be: XYZ Company, by John Doe, President (or other officer or agent) and the seal of the corporation must be impressed or indicated.
4/ The certificate must be completed if the purchaser is a corporation.
5/ If the corporation has no corporate seal that fact shall be stated, in which case a scroll or adhesive seal shall follow the corporate name.


(Continued on page 2 which is attached hereto and made a part hereof).

Timber Products
COMPANY

Yreka Veneer Division
and Timberlands
P.O. Box 766
Yreka, California 96097

Ph: (530) 842-2310
Fax: (530) 842-3825

March 30, 2000

Ed Matthews
Contracting Officer
Klamath National Forest
1312 Fairlane Road
Yreka, CA 96097

Re: Jack Heli Timber Sale #060715

Dear Ed:

According to a letter dated March 27, 2000 that I received from Jon Bennett, it appears that we will be prohibited from operating on the Jack Heli timber sale during the 2000 normal operating period. Jon's letter states, "*If* everything goes as scheduled, it looks as though *some* of the sale's lower units *may* be completed and ready for operations to begin *sometime* in late August or September of this field season" (emphasis added). There are enough wiggle words and escape hatches in that sentence that I have no confidence in being able to commit to our logging contractor for work this season. Additionally, we will be restricted as to what units we operate in.

These restrictions will require additional contract term adjustments as specified in B8.21. This clause states that we must request the adjustment within 30 days of the end of the normal operating season. This has obviously not occurred yet. Since this sale has two periodic payments due between now and the end of the normal operating period, I would like to request these not be billed this year due to the Forest Service restrictions on our operations that are not part of the original contract.

Jon's letter made it clear that we should have no reasonable expectation that the Forest Service will allow us the opportunity to harvest this sale as we have intended in the 2000 normal operating period. As you are aware, scheduling helicopter logging contractors is not an easy task. As our experience last fall showed, once we interrupt the normal schedule of a helicopter contractor they are very difficult to reschedule when we need them. Accordingly, we will be requesting at least a one-year CTA due to these restrictions.

Sincerely,

Bill Turner
Timber Procurement Manager

USDA Forest Service

FS-2400-10 (5/88)

Contract No. 060715 Jack Hall Timber Sale

**AGREEMENT TO EXTEND AND MODIFY TIMBER SALE CONTRACT**

1. It is mutually agreed, that the contract period of the above designated timber sale contract, signed by, Bill Turner, Timber Procurement Manager, (Name) of Timber Products Company (Company Name), hereinafter called the purchaser and by Edward L. Matthews (Name) Contracting Officer (Title) for the United States of America, as of the 15th day of March, 1999 as heretofore modified, be extended to July 1, 2002 *and it is further agreed to modify the contract as follows:*

Not a MRA Was for 2000 Deadl ETA

The following is hereby deleted from the contract:
C4.264# - Periodic Payment Schedule. (5/88), Modification Date: 3/16/00

The following is hereby added to the contract:
C4.264# - Periodic Payment Schedule. (4/99)

2. Pursuant to this mutual agreement, the purchaser agrees to cut and remove timber in strict accordance with all and singular the terms and provisions of the aforesaid contract as herein modified.

3. IN WITNESS WHEREOF, the parties hereto have executed this agreement to extend and modify contract as of the 7th day of December, 2000.[1]

UNITED STATES OF AMERICA

BY Edward L. Matthews (Signature of approving officer) Contracting Officer (Title)

Two Witnesses:[2] [signature] (Name of Witness)

PO Box 766 Yreka CA 96097 (Address)

[signature] (Name of witness)

Same as above (Address)

Timber Products Company (Purchaser)[3]

BY Bill Turner (Purchaser)

P O Box 766 (Business Address)

Yreka, CA 96097 (Business Address)

I,[4] ______ certify that I am the ______ Secretary of the corporation named as the purchaser herein; that ______ who signed this agreement to extend *and modify* contract on behalf of the purchaser was then ______ of said corporation; that said agreement to extend *and modify* contract was duly signed for and in behalf of said corporation by authority of the governing body, and is within the scope of its corporate powers.

Corporate Seal[5]

**Consent Of Surety**

We, GREAT AMERICAN INSURANCE COMPANY (surety) (sureties) do hereby join in this agreement to extend the contract period and agree that our bond shall bind us, our heirs, executors, administrators, successors and assigns, and each and every one of us and them jointly and severally, in the same manner as if said extended period had been included in the original period of contract to insure compliance with which our bond was given.

Dated at EUGENE, OR, this 20TH day of NOVEMBER, 2000.

In the presence of:
Witness:

Individual Surety: (Seal) (Seal)

Attest:

By:

Title:

Corporate Surety:
GREAT AMERICAN INSURANCE COMPANY
Business Address:
PO BOX 5440, ORANGE, CA 92863-5440
BY: Beverley Verbanic Affix Corporate Seal
BEVERLEY VERBANIC, ATTORNEY-IN-FACT

OK/SA 12/07 OK/SA 12/07 0902m



02/11/2008 08:38 5308414522 KNF TIMBER PAGE 18/11

United States Department of Agriculture | Forest Service | Siskiyou National Forest | 200 NE Greenfield Rd
P.O. Box 440
Grants Pass, OR 97528

File Code: 2450

Date: May 14, 1999

CLR Timber Holdings, Inc.
P.O. Box 670
Brookings, OR 97415

<u>CERTIFIED MAIL</u> - <u>RETURN RECEIPT REQUESTED</u> Z 189 771 004

Re: Too Wild Timber Sale, Contract No. 075862

Gentlemen:

Sealed bids followed by oral auction for the Too Wild Timber Sale, Contract Number 075862 were opened September 17, 1998. Since you have met all pre-award requirements, the sale is being awarded to you as of the date of this letter.

The premium has been distributed to all advertised species or species groups with estimated volumes, that are not fixed rate, included on the bid form. The bid rates are:

| Species | Product | Unit of Measure | Estimated Quantities | Rate per UOM$ |
|---|---|---|---|---|
| Douglas-fir and Other Coniferous Species | Sawtimber | CCF | 26,310 | $124.31 |
| Douglas-fir and Other Coniferous Species | Non-Sawtimber | CCF | 333 | $29.56 |
| Tanoak and Other Hardwood Species | Non-Sawtimber | CCF | 314 | $3.51 |

Enclosed is a complete timber sale contract plus one additional copy of page 1 for your signature. Your corporation secretary must certify the signature and affix your corporate seal.

A performance bond in the amount of $329,000.00 is required. Your bond may be secured with corporate surety, deposited securities, irrevocable letter of credit, or assignment of savings account. Please sign the performance bond form, and impress the seal of your corporation. A power of attorney for the person signing the performance bond form for the surety company must be attached to the form. An additional copy of the contract is enclosed for the surety company. A surety or letter of credit for performance bond must cover a period of at least 6 months beyond the timber sale termination date.

In addition, this sale requires a Deposit for Reconstruction Engineering Services CT5.121# in the amount of $3,117.00.



Caring for the Land and Serving People

Printed on Recycled Paper

The contract will require your compliance with the terms of Executive Order 11246, as amended, and regulations which prohibit job discrimination on the basis of race, color, religion, sex, age, or national origin. You may be required to file Form SF-100 form in order to comply with regulations and with contract provisions BT8.63 and CT 8.63. If you have not submitted an SF-100 form during the current reporting period, please complete the form and submit it to the Joint Reporting Committee, 2401 E Street N.W., Washington, D.C. 20406. The form may be obtained by contacting the Joint Reporting Committee office at (804) 461-1213:

Joint Reporting Committee
P.O. Box 779
Norfolk, VA 23501

Please instruct any of your subcontractors to complete and submit an SF-100 form, if the subcontract is for $50,000 or more and the subcontractor employs 50 or more persons.

Also enclosed are two "Equal Employment Opportunity is the Law" posters to be displayed in conspicuous places, available to all employees and applicants for employment. Additional posters may be obtained from this office.

You must execute and return the timber sale contract, make the required deposits, and furnish a performance bond by June 14, 1999. No additional time can be granted for returning the executed contracts or making the required deposits, but additional time may be granted to furnish a satisfactory performance bond.

Execute and return all copies of the contract, all copies of page 1 of the contract, and the performance bond form with your letter of credit attached. After approval here, and upon our receipt of the downpayment, any required deposits, and approval of the performance bond, an original set of AT pages, and original bond form will be mailed to you. We have enclosed a copy of the contract and bond form for you to provide to your surety.

If time requirements for returning the executed contract, making the downpayment and furnishing a satisfactory performance bond are not met, it will be considered a repudiation of the contract. In such event, the bid guarantee shall be retained and applied towards any damages due in accordance with contract provisions.

You are responsible for completing the erosion control work on this timber sale. The erosion control work includes waterbarring work, and seeding and mulching work to revegetate areas, as listed in the contract provisions.

Please furnish us with a letter stating the name of your representative on the sale area who is authorized to receive, and act upon, notices and instructions of the Forest Service. The Forest Service Representative for this sale will be Bob Thomas.

Within 60 days of receipt of this letter, a General Plan of Operation is to be submitted s required in provision CT6.3. You must have written approval of the plan before operations may commence work. Prior to the start of road construction or logging activity, a written operating schedule or annual schedule of planned activities must be filed with the Contracting Officer and annually thereafter, as required by provisions BT6.31 and CT6.311. Operations on the sale area shall not commence until the above operating schedule or annual schedule of planned activities is submitted. Blank forms are attached for your use.

This contract is subject to the Forest Resources Conservation and Shortage Relief Act of 1990, as amended (16 U.S.C. 620, et seq.). You are required to submit Form FS-2400-59, Annual Report: Certification of Receipt and Disposition of Timber that Originates from National Forest System Land. This form is to be submitted yearly and is due by March 1 for the period January 1 through December 31 of the previous year. This form may be obtained from any District Office or the Supervisor's Office. The requirements for branding and painting are listed in provision CT 6.82 - Product Identification.

A form has been enclosed for your surety agent's address to be used in future correspondence.

Your payments should be made to the address reflected on the Bill for Collection. If you choose to mail your payment, the cut-off time is 9:30 a.m. at the post office box. Payments that arrive after 9:30 a.m. will be deposited as the next day's business.

You have the option of having your bank wire your payment directly to the Forest Service account at the Bank of America in San Francisco. If you choose this option, please contact this office for specific wire procedures. If you do not wish to use a wire transfer, and you do not want to rely on regular mail service, you may send your payment by messenger delivery (Federal lExpress, DHL, etc.) or by Express Mail to the following street address:

Bank of America
Remittance Banking North
1455 Market Street, 21st Floor
San Francisco, California 94103

The messenger should go to the lobby phone and dial 31785. Messenger deliveries made after 12:00 p.m. Pacific Time will be deposited as the next day's business.

Pursuant to Title 7 of the Code of Federal Regulations, Part 3017, Section .510, you must require your subcontractors to include a certification for the subcontractor and the subcontractor's principals in any proposal submitted in connection with their subcontract proposal to you. The certification form is enclosed. You must keep the certifications on file until the termination date of the contract.

Too Wild Timber Sale

We appreciate your bid for this National Forest timber. Do not hesitate to call us if we can be of assistance.

Sincerely,

Thomas K. Link

THOMAS K. LINK
Contracting Officer

Enclosures:
- 1 copy of Contract and Page 1 of Original Contract
- 2 copies of Performance Bond
- Bill for Collection w/envelope
- 1 copy FS-2400-59
- 1 copy R6-FS-2400-34
- 2 sets Equal Employment Information
- 1 copy each of Certification Regarding Debarment, etc. - Primary Covered Transactions & Lower Tier Transactions

cc: Gold Beach Ranger District
Zone II Engineering
B. Thomas
K. Cope