**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BLUE LAKE FOREST PRODUCTS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-570C (Judge Williams) |
| TIMBER PRODUCTS COMPANY, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-627C (Judge Williams) |
| CLR TIMBER HOLDINGS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 04-501C (Judge Williams) |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

Pursuant to Rule 56(h)(1) of the Rules of this Court, the following are the material facts that the United States contends are not in dispute.

Defendant's Proposed Finding of Uncontroverted Fact No. 1

On August 2, 1999, Judge Dwyer issued an order in Oregon Natural Resource Council Action, et al. v United States Forest Service and Bureau of Land Management, No. C98-942WD (W.D. Wash) ("ONRC Action"), finding that the Forest Service and BLM did not comply with

the Category 2 survey requirements as outlined in the Northwest Forest Plan ("NFP"). App. 1-5.[1] The Court issued a supplemental order on August 26, 1999, that enjoined operations on twenty-five timber sales, including the Happy Thin, Jack Heli, and Too Wild timber sales. App. 7-10.

Defendant's Proposed Finding of Uncontroverted Fact No. 2

The Forest Service awarded the Happy Thin timber sale contract to Blue Lake Forest Products ("Blue Lake") as of July 6, 1999. App. 11. The Happy Thin timber sale is located on the Klamath National Forest in California. App. 13-14.

Defendant's Proposed Finding of Uncontroverted Fact No. 3

Blue Lake's contract included the following contract clauses:

> BT8.21 Contract Term Adjustment. "Contract Term Adjustment" means adjustment only as provided immediately above and for the three circumstances described in this Subsection. Under said circumstances, the contract term shall be adjusted in writing to include additional calendar days in one or more Normal Operating Seasons equal to the actual time lost . . . . (c) Purchaser (i) accepts Forest Service written request to interrupt or delay operations for any purpose other than suspension under BT4.4 or BT9.3 . . . and the total time lost is 10 or more calendar days during any Normal Operating Season.

App. 15.

> CT6.01 - Interruption or Delay of Operations. (10/96) Purchaser agrees to interrupt or delay operations under this contract, in whole or in part, upon the written request of Contracting Officer . . . (b) To comply with a court order, issued by a court of competent jurisdiction . . . . Purchaser agrees that in even of interruption or delay of operations under this provision, that its sole and exclusive remedy shall be (i) Contract Term Adjustment pursuant to BT8.21, or (ii) when such an interruption or delay exceeds 30 days during

---

[1] "App. __" refers by page number to the appendix of materials attached to defendant's motion for summary judgment filed contemporaneously with these proposed findings of uncontroverted facts.

> Normal Operating Season, Contract Term Adjustment pursuant to BT8.21, plus out-of-pocket expenses incurred as a direct result of interruption or delay of operations under this provision. Out-of-pocket expenses do no include lost profits, attorney's fees, replacement cost of timber, or any other anticipatory losses suffered by Purchaser. Purchaser agrees to provide receipts or other documentation to the Contracting Officer which clearly identify and verify actual expenditures.

App. 16.

> CT6.25# - Protection of Habitat of Endangered Species. (10/78) Location of areas needing special measures for protection of plants and animals listed as threatened or endangered under the Endangered Species Act of 1973 and R-5 Sensitive Plant and Animal Species List are shown on Sale Area Map and identified on the ground. Measures needed to protect such areas have been included elsewhere in this contract or are as follows: NONE. If protection measures prove inadequate, if other such areas are discovered, or if new species are listed on the Endangered Species List, Forest Service may either cancel under CT8.2 or unilaterally modify this contract to provide additional species protection regardless of when such facts become known . . . .

App. 17.

Defendant's Proposed Finding of Uncontroverted Fact No. 4

On August 27, 1999, Ed Matthews, contracting officer for the Happy Thin timber sale, sent Blue Lake a letter informing the timber purchaser that work on the sale must be suspended due to a court order. App. 18. The letter included a copy of the ONRC Action August 26, 1999, preliminary injunction order, and informed Blue Lake that operations were suspended in accordance with that order. Id.

Defendant's Proposed Finding of Uncontroverted Fact No. 5

On June 13, 2000, Blue Lake submitted a claim for damages in the amount of $886,164.15, plus interest. App. 19-26. Ed Matthews denied the claim in its entirety on October

6, 2000, while noting that the "Contracting Officer will consider properly documented out-of-pocket expenses caused by the delay in operations when they have been incurred." App.27-29.

Defendant's Proposed Finding of Uncontroverted Fact No. 6

Blue Lake filed a supplemental claim on November 17, 2000, requesting $7,964.50 in out-of-pocket expenses pursuant to CT6.01. App. 30. Ed Matthews, contracting officer, approved the $7,964.50 claim for out-of-pocket expenses on January 30, 2001. App. 31-32.

Defendant's Proposed Finding of Uncontroverted Fact No. 7

On October 8, 1999, Blue Lake requested a Contract Term Adjustment ("CTA") under BT8.21. App. 33. On November 1, 1999, Ed Matthews, contracting officer, approved the CTA to July 16, 2001. App. 34. On August 29, 2000, the parties executed a modification to the contract, which included a CTA that extended the contract term to June 18, 2002. App. 35.

Defendant's Proposed Finding of Uncontroverted Fact No. 8

Blue Lake filed its complaint in this Court on October 2, 2001, claiming that the Forest Service breached the Happy Thin timber sale contract by wrongfully suspending operations on August 27, 1999. Blue Lake Compl., ¶ 9.[2]

Defendant's Proposed Finding of Uncontroverted Fact No. 9

The Forest Service awarded the Jack Heli timber sale contract to Timber Products Company ("Timber Products") as of March 2, 1999. App. 36-37. The Jack Heli timber sale is located on the Klamath National Forest in California. App. 38-39.

Defendant's Proposed Finding of Uncontroverted Fact No. 10

Timber Products' contract included the following contract clauses:

---

[2] "Compl. ¶ #" refers to plaintiff's complaint filed in this Court.

> B8.21 <u>Contract Term Adjustment</u>. "Contract Term Adjustment" means adjustment only as provided immediately above and for the three circumstances described in this Subsection. Under said circumstances, the contract term shall be adjusted in writing to include additional calendar days in one or more Normal Operating Seasons equal to the actual time lost . . . . (c) Purchaser (i) accepts Forest Service written request to interrupt or delay operations for any purpose other than suspension under B4.4 or B9.3 . . . and the total time lost is 10 or more calendar days during any Normal Operating Season.

App. 40.

> C6.01 - <u>Interruption or Delay of Operations</u>. (10/96) Purchaser agrees to interrupt or delay operations under this contract, in whole or in part, upon the written request of Contracting Officer . . . (b) To comply with a court order, issued by a court of competent jurisdiction . . . . Purchaser agrees that in even of interruption or delay of operations under this provision, that its sole and exclusive remedy shall be (i) Contract Term Adjustment pursuant to B8.21, or (ii) when such an interruption or delay exceeds 30 days during Normal Operating Season, Contract Term Adjustment pursuant to B8.21, plus out-of-pocket expenses incurred as a direct result of interruption or delay of operations under this provision. Out-of-pocket expenses do no include lost profits, attorney's fees, replacement cost of timber, or any other anticipatory losses suffered by Purchaser. Purchaser agrees to provide receipts or other documentation to the Contracting Officer which clearly identify and verify actual expenditures.

App. 41.

> C6.25# - <u>Protection of Habitat of Endangered Species</u>. (10/78) Location of areas needing special measures for protection of plants and animals listed as threatened or endangered under the Endangered Species Act of 1973 and R-5 Sensitive Plant and Animal Species List are shown on Sale Area Map and identified on the ground. Measures needed to protect such areas have been included elsewhere in this contract or are as follows: NONE. If protection measures prove inadequate, if other such areas are discovered, or if new species are listed on the Endangered Species List, Forest Service may either cancel under C8.2 or unilaterally modify this contract to provide additional species protection

regardless of when such facts become known . . . .

App. 42.

Defendant's Proposed Finding of Uncontroverted Fact No. 11

On August 27, 1999, Ed Matthews, contracting officer for the Jack Heli timber sale, sent Timber Products a letter informing the timber purchaser that work on the sale must be suspended due to a court order. App. 43. The letter included a copy of the ONRC Action August 26, 1999, preliminary injunction order, and informed Timber Products that operations were suspended in accordance with that order. Id.

Defendant's Proposed Finding of Uncontroverted Fact No. 12

On July 14, 2000, Timber Products submitted a claim for damages in the amount of $1,100,799.68, plus interest. App. 44-52. Ed Matthews denied the claim in its entirety on November 9, 2000, while noting that the "Contracting Officer will consider properly documented out-of-pocket expenses caused by the delay in operations when they have been incurred." App. 53-55. On June 13, 2007, Timber Products submitted a supplemental claim that included out-of-pocket expenses for the Forest Service's consideration. App. 56-61.

Defendant's Proposed Finding of Uncontroverted Fact No. 13

On December 7, 1999, Timber Products requested a Contract Term Adjustment ("CTA") under B8.21. App. 62. On January 3, 2000, the parties executed a modification of the contract, which included a CTA that extended the contract term to July 3, 2001. App. 63. On March 30, 2000, Timber Products requested a second CTA. App. 64. On December 7, 2000, the parties executed a modification that extended the contract to July 1, 2002. App. 65.

Defendant's Proposed Finding of Uncontroverted Fact No. 14

Timber Products filed its complaint in this Court on November 6, 2001, claiming that the Forest Service breached the Jack Heli timber sale contract by wrongfully suspending operations. Timber Products Compl. ¶ 27.

Defendant's Proposed Finding of Uncontroverted Fact No. 15

The Forest Service awarded the Too Wild timber sale contract to CLR Timber Holdings, Inc. ("CLR") as of May 14, 1999. App. 66-69. The Too Wild timber sale contract is located on the Siskiyou National Forest in Oregon. App. 70-71.

Defendant's Proposed Finding of Uncontroverted Fact No. 16

CLR's contract included the following contract clauses:

> BT8.21 Contract Term Adjustment. "Contract Term Adjustment" means adjustment only as provided immediately above and for the three circumstances described in this Subsection. Under said circumstances, the contract term shall be adjusted in writing to include additional calendar days in one or more Normal Operating Seasons equal to the actual time lost . . . . (c) Purchaser (i) accepts Forest Service written request to interrupt or delay operations for any purpose other than suspension under BT4.4 or BT9.3 . . . and the total time lost is 10 or more calendar days during any Normal Operating Season.

App. 72.

> CT4.222 Temporary Reduction of Downpayment. (7/96) . . . . When, pursuant to CT6.01 or CT6.25#, Contracting Officer requests Purchaser to interrupt or delay all or any portion of Purchaser's operations under this contract for more than 60 consecutive days, the downpayment amount being held on deposit may be temporarily reduced upon the written request of the Purchaser or at the discretion of the Contracting Officer . . . .

App. 73.

> CT6.01 - Interruption or Delay of Operations. (10/96) Purchaser agrees to interrupt or delay operations under this contract, in whole or in part, upon the written request of Contracting Officer . . . (b) To comply with a court order, issued by a court of competent jurisdiction . . . . Purchaser agrees that in even of interruption or delay of operations under this provision, that its sole and exclusive remedy shall be (i) Contract Term Adjustment pursuant to BT8.21, or (ii) when such an interruption or delay exceeds 30 days during Normal Operating Season, Contract Term Adjustment pursuant to BT8.21, plus out-of-pocket expenses incurred as a direct result of interruption or delay of operations under this provision. Out-of-pocket expenses do no include lost profits, attorney's fees, replacement cost of timber, or any other anticipatory losses suffered by Purchaser. Purchaser agrees to provide receipts or other documentation to the Contracting Officer which clearly identify and verify actual expenditures.

App. 74.

> CT6.25# - Protection of Habitat of Endangered Species. (10/78) Location of areas needing special measures for protection of plants and animals listed as threatened or endangered under the Endangered Species Act of 1973 and R-5 Sensitive Plant and Animal Species List are shown on Sale Area Map and identified on the ground. Measures needed to protect such areas have been included elsewhere in this contract or are as follows: NONE. If protection measures prove inadequate, if other such areas are discovered, or if new species are listed on the Endangered Species List, Forest Service may either cancel under CT8.2 or unilaterally modify this contract to provide additional species protection regardless of when such facts become known . . . .

App. 75.

Defendant's Proposed Finding of Uncontroverted Fact No. 17

On August 27, 1999, Thomas Link, contracting officer for the Too Wild timber sale, informed CLR that work on the sale must be suspended due to a court order. App. 76. On September 1, 1999, Mr. Link sent CLR a letter confirming that the Too Wild timber sale was suspended. Id. The letter included a copy of the preliminary injunction order and informed CLR

that operations were suspended in accordance with that order. Id.

Defendant's Proposed Finding of Uncontroverted Fact No. 18

On October 5, 2000, Thomas Link, contracting officer, granted CLR's request for a reduction in down-payment for the Too Wild timber sale pursuant to CT4.222, and reduced CLR's down-payment from $328,200, to $6,564.00. App. 77.

Defendant's Proposed Finding of Uncontroverted Fact No. 19

On September 13, 2003, CLR submitted a claim for damages in the amount of $2,046,667, plus interest. App. 78-91. On November 25, 2003, Robert Thomas, contracting officer for the Rogue/Siskiyou National Forest, issued his final decision. App. 92-96. Mr. Thomas determined that CLR was entitled to $38,558.00 for out-of-pocket expenses pursuant to CT6.01. App. 95. Mr. Thomas denied the remainder of the claim, noting that the "contract (CT6/01, 10/96) does not allow for the recovery of cost associated with replacement volume and in fact the Purchaser still has the volume . . . . In addition CT6.01, 10/96) [sic] clearly states that anticipatory losses are not allowed." Id.

Defendant's Proposed Finding of Uncontroverted Fact No. 20

CLR filed its complaint in this Court on March 9, 2004, claiming that the Forest Service breached the Too Wild timber sale contract by wrongfully suspending operations. CLR Compl. ¶ 9.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
Lori Polin Jones
James L. Rosen
Marcus R. Wah
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

March 7, 2008

Certificate of Filing

I hereby certify that on this 7th day of March, 2008, a copy of "Defendant's Proposed Findings Of Uncontroverted Facts" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ellen M. Lynch
Ellen M. Lynch