**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BLUE LAKE FOREST PRODUCTS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-570C (Judge Williams) |
| TIMBER PRODUCTS COMPANY, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-627C (Judge Williams) |
| CLR TIMBER HOLDINGS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 04-501C (Judge Williams) |

DEFENDANT'S REPLY IN SUPPORT OF ITS
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant respectfully submits this reply in support of its cross-motion for partial summary judgment. In support of this reply, defendant relies upon our initial cross-motion for partial summary judgment, plaintiffs' opposition to our cross-motion for partial summary judgment, and our response to plaintiffs' cross-motion for partial summary judgment.

Defendant's initial brief was styled as a cross-motion for partial summary judgment because we anticipated that plaintiffs would argue that the duration of the suspensions of these

three timber sales was unreasonable, and that we would, therefore, need a trial to determine whether the duration of these suspensions was unreasonable. However, plaintiffs have clearly abandoned any claims regarding the duration of these suspensions, and instead base their entire case upon the Forest Service's conduct before these contracts were awarded. Therefore, based upon our initial brief, which demonstrates that the Forest Service had authority to suspend these contracts to comply with a court order pursuant to an unambiguous term in the contract, this Court may grant summary judgment in our favor.

Plaintiffs' opposition relies upon the Forest Service's failure to include an exculpatory clause in the timber sale contracts, and asserts that the suspension of these three contracts was unreasonable. Plaintiffs' argument fails for two reasons. First, plaintiffs presuppose a breach of these timber sale contracts without ever proving that a breach occurred. Second, plaintiffs stretch the duty of good faith and fair dealing – of which the implied duties to cooperate and not to hinder are subspecies – too far. Therefore, the Forest Service's conduct prior to the award of these three timber sales should not be considered, and this Court should grant our cross-motion for summary judgment based upon the Forest Service's proper suspension of these timber sales pursuant to a clear and unambiguous contract provision.

## I. Plaintiffs Cannot Prove That The Forest Service Breached These Timber Sale Contracts

In response to our argument that the plain, unambiguous clause C6.01 permits suspension of timber sale contracts, plaintiffs offer an argument that is based upon the Forest Service's alleged failure to insulate itself from breach by including "exculpatory language" in the contract. Pls' Opposition at 4. However, the Forest Service had no need to insulate itself from a breach by including exculpatory language in these three timber sale contracts. Here, the Forest Service

simply administered the timber sale contracts in accordance with the terms of the contracts by suspending the contracts after a court of competent jurisdiction issued an injunction.[1] Plaintiffs' argument regarding an exculpatory clause presupposes that a breach occurred, without actually proving breach. This presumption is flawed because the Forest Service's cannot be liable for actions taken prior to contract award.

Furthermore, plaintiffs' attempt to demonstrate that its interpretation does not render clause C6.01 void or meaningless is also flawed. The fact that C6.01 might also apply in other situations merely means that there is more than one situation where the authority provided can be exercised by the Forest Service. Contracts must be interpreted "as a whole and 'in a manner which gives reasonable meaning to all its parts and avoids conflict or surplusage of its provisions.'" Gardiner, Kamya & Assoc., P.C. v. Jackson, 467 F.3d 1348, 1353 (Fed. Cir. 2006) (citing United Int'l Investigative Serv. v. United States, 109 F.3d 734, 737 (Fed. Cir. 1997)). Because plaintiffs' interpretation of clause C6.01 does not give effect to all its parts – specifically, the section that authorizes the Forest Service to suspend the contract to comply with a court order – the Court must reject plaintiffs' strained interpretation of clause C6.01.

II. The Duty Of Good Faith And Fair Dealing Does Not Apply To Pre-Contract Conduct

Plaintiffs assert that we have interpreted the Federal Circuit's decision in Scott Timber Co. v. United States erroneously. Pls' Opposition at 2, 5-6. Not only is our interpretation of Scott correct, it is widely supported by case law that demonstrates that the duty of good faith and

---

[1] Clause C6.01 states: "INTERRUPTION OR DELAY OF OPERATIONS. (10/96) Purchaser agrees to interrupt or delay operations under this contract, in whole or in part, upon the written request of the Contracting Officer: . . . (b) To comply with a court order, issued by a court of competent jurisdiction." App. 16, 41, 74.

fair dealing – of which the implied duties to cooperate and not to hinder are subspecies[2] – applies only to existing contracts.

The Federal Circuit's decision in Scott focused on the reasonableness of the duration of the suspension. In remanding the case back to the lower court, the Federal Circuit found that Scott Timber might be able to prove that the Forest Service "might have greatly reduced the time of the suspensions if it had conducted surveys before awarding the contracts." Scott Timber Co. v. United States, 333 F.3d 1358, 1369 (Fed. Cir. 2003) (emphasis added). Furthermore, when the Federal Circuit outlined the underlying case, it noted that "[c]ontract clause[] C6.01 . . . did not grant unlimited authority to suspend operations, but only authority to suspend for a reasonable duration." Scott Timber Co. v. United States, 333 F.3d at 1364. Therefore, reading the case in its entirety leads to the conclusion that any discussion in Scott of "reasonableness" focused only on the duration of the suspension.

Another judge of this Court determined that the Forest Service breached the implied duty to cooperate with regard to its pre-contract conduct because the contract contained an explicit warranty clause (clause C6.25), and, "even if there is no specific warranty, an unreasonable delay that is caused in some way by the government can breach the implied duty not to hinder." Precision Pine & Timber Co. v. United States, 50 Fed. Cl. 35, 59 (2001) (citing Cedar Lumber, Inc. v. United States, 5 Cl. Ct. 539, 549-50 (1984)). Therefore, in the absence of a warranty,[3] the

---

[2] The implied duties to cooperate and not to hinder are characterized as subspecies of the duty of good faith that is found in all government contracts. Precision Pine & Timber Co. v. United States, 50 Fed. Cl. 35, 58-59 (2001).

[3] Plaintiffs erroneously assert that the Federal Circuit's decision in Scott Timber Co. v. United States that clause C6.25 did not create a warranty is limited to Section 318 contracts. Pls' Opposition at 2, n.4. While the contracts in Scott were awarded pursuant to Section 318, the

only possible reasonableness inquiry relates to the duration of the suspension. Here, plaintiffs have abandoned any claims regarding an alleged warranty in C6.25 and they do not allege that the duration of these suspensions was unreasonable, therefore, there is no reason for this Court to consider the Forest Service's conduct prior to the award of the three timber sales at issue here.

In other cases involving the suspension of timber contracts, courts have considered the duration of the suspension. In Trinity River, another judge of this Court determined that the "implied duties prevent the Forest Service from suspending contracts indefinitely in order to comply with a court order if its own unreasonable or wrongful conduct caused the court order to be imposed, or if it unreasonably delayed in remedying the offending circumstances." Trinity River Lumber Co. v. United States, 66 Fed. Cl. 98, 108 (2005) (emphasis added). The duration of the suspension is explicit in this determination. Another case notes that the Forest Service "was not authorized to suspend H.N. Wood's Contract indefinitely in order to comply with a court order if its own unreasonable or wrongful actions caused the court order to be imposed in the first place, or if it unreasonably delayed in remedying the offending circumstances." H.N. Wood Products, Inc. v. United States, 59 Fed. Cl. 479, 487 (2003) (emphasis added). Once again, the duration of the suspension is explicit in this determination. In addition to the explicit

---

Federal Circuit interpreted the language of the clause itself – which is identical to the language in the three timber sale contracts at issue here – and determined that "the representations contained in clause C6.25 fail to create an implied warranty as to any measures actually taken." Scott Timber Co. v. United States, 333 F.3d 1358, 1370 (Fed. Cir. 2003). In reaching its decision, the Federal Circuit focused specifically upon language in C6.25 that provides the Forest Service the right to "cancel . . . or unilaterally modify this contract to provide additional protection regardless of when such facts become known." Scott Timber Co. v. United States, 333 F.3d at 1371 (emphasis in original). Defendant, however, recognizes that whether C6.25 creates a warranty is irrelevant here because plaintiffs have now withdrawn any claims regarding C6.25. Pls' Opposition at 3, n.4.

focus on the duration of the suspension, both of these cases denied motions for summary judgment, and, therefore, these courts did not reach the merits. Trinity River Lumber Co. v. United States, 66 Fed. Cl. at 115; H.N. Wood Products, Inc. v. United States, 59 Fed. Cl. at 493.

Our position is supported further by case law interpreting the duty of good faith and fair dealing. In Helix Electric, Inc. v. United States, this Court found that "[i]t is well settled that the parties' duty of good faith and fair dealing must be rooted in promises set forth in the contract. As the Federal Circuit has noted, 'implied covenants of good faith and fair dealing are limited to assuring compliance with the express terms of the contract and cannot be extended to create new obligations not contemplated in the contract.'" Helix Electric, Inc. v. United States, 68 Fed. Cl. 571, 587 (2005) (quoting Bradley v. Chiron Corp., 136 F.3d 1317, 1326 (Fed. Cir. 1998)). Furthermore, the duty of good faith and fair dealing is limited. "Courts must be careful when considering good faith . . . as it does not imply an 'ever flowing cornucopia of wished-for legal duties.'" United States v. Basin Electric Power Co-op., 248 F.3d 781, 796 (8th Cir. 2001), cert. denied, United States ex rel. Norbeck v. Basin Electric Power Co-op., 534 U.S. 1115, 122 S.Ct. 924, 151 L.Ed.2d 887 (2002) (quoting Comprehensive Care Corp. v. RehabCare Corp., 98 F.3d 1063, 1066 (8th Cir. 1996)). Here, plaintiffs attempt to read into these timber sale contracts a warranty of non-suspendability. This attempt must fail.

Other courts have expressly found that the duty of good faith and fair dealing does not apply to actions taken before a contract is awarded. The United States Court of Appeals for the Second Circuit found that the implied covenant of good faith and fair dealing "relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct." The Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157 F.3d 933 (2d Cir. 1998).

See also K3C, Inc. v. Bank of America, N.A., 204 Fed. Appx. 455, 464 (5th Cir. 2006) (finding that the duty of good faith and fair dealing does not apply to pre-contract conduct, and upholding the district court's decision that there was no breach of the duty of good faith and fair dealing because the appellant relied upon alleged misrepresentations that occurred prior to the signing of the contract). The District Court for the District of Columbia found that "[a]lthough [the implied duty of good faith and fair dealing] is implied in all contracts, the Court is aware of no District of Columbia authority that would imply such a duty in parties' pre-contract negotiations." Ellipso, Inc. v. Mann, 541 F. Supp. 2d 365, 373-74 (D.D.C. 2008). Finally, the Restatement (Second) of Contracts indicates that the implied duty of good faith and fair dealing does not apply to pre-contract acts or omissions. Restatement (Second) of Contracts, Section 205, comment c.

Plaintiffs overlook the weight of authority that demonstrates that the implied duty of good faith and fair dealing – and therefore, its subspecies, the implied duties to cooperate and not to hinder – does not apply to actions taken before the award of the contract. Plaintiffs' attempt to read into these timber sale contracts a warranty must fail, and this Court should find that the Forest Service properly suspended these timber sale contracts pursuant to a clear and unambiguous contract provision.

## CONCLUSION

Because there is no genuine issue as to any material fact and the United States is entitled to judgment as a matter of law, we respectfully request the Court to enter summary judgment in favor of the United States. Should this Court determine that the Forest Service's pre-contract conduct is relevant even in situations where there is no allegation that the duration of the suspension was unreasonable, there are material facts at issue – identified in our response to

plaintiffs' cross-motion for partial summary judgment[4] – that would preclude granting summary judgment in plaintiffs' favor.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
Lori Polin Jones
James L. Rosen
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

June 27, 2008

[4] Plaintiffs have not demonstrated that the uncontroverted facts establish the Forest Service's pre-contract conduct was unreasonable. Defendant's Response To Plaintiffs' Cross-Motion For Partial Summary Judgment at 18-32.

Certificate of Filing

I hereby certify that on this 27th day of June, 2008, a copy of "Defendant's Reply In Support Of Its Partial Cross-Motion For Summary Judgment" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ellen M. Lynch
Ellen M. Lynch